**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NAMEL NORRIS,                                          CASE NO: 1:21-cv-7447

      Plaintiff,

vs.                                                                    **COMPLAINT**

DUMPLING HUT INC., a New York corporation,
d/b/a VANESSA'S DUMPLING HOUSE, and 289
REALTY CORP., a New York corporation,

      Defendants.

_____/

Plaintiff, NAMEL NORRIS (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues DUMPLING HUT INC., a New York corporation, d/b/a VANESSA'S DUMPLING HOUSE, and 289 REALTY CORP., a New York corporation (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York.

1

3.      The remedies provided by the New York State Human Rights Law are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to VANESSA'S DUMPLING HOUSE, prior to instituting the instant action, NAMEL NORRIS, (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as he is a paraplegic and uses a wheelchair for mobility.  The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5.      The Defendants, DUMPLING HUT INC., a New York corporation, d/b/a VANESSA'S DUMPLING HOUSE, and 289 REALTY CORP., a New York corporation, are authorized to conduct, and are conducting business within the State of New York.  Upon information and belief, DUMPLING HUT INC., is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as VANESSA'S DUMPLING HOUSE (hereinafter the "Subject Facility") located at 118A Eldridge Street, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), and maintains and controls the Subject Facility.   Upon information and belief, 289 REALTY CORP., is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as VANESSA'S DUMPLING HOUSE, located at 118A

Eldridge Street, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), and maintains and controls the Subject Facility.

6.      All events giving rise to this lawsuit occurred in the City of New York, State of New York.  Venue is proper in this Court as the premises is located in the State of New York.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.      Congress found, among other things, that:

> (i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv)     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs,

3

benefits, or other opportunities; and,

(v)       the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.       Congress explicitly stated that the purpose of the ADA was to:

(i)       provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12.      The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs

and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit the Subject Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

15.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i)     Failure to provide an accessible entrance, due to multiple steps at said entrance, without an ADA-compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii)    Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iii)   The sales counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter, which is a minimum of 36 inches (915 mm) in length, shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

(iv)    The food pick-up counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter, which is a minimum of 36 inches (915 mm) in length, shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

(v)     Failure to provide sufficient clear floor space/sufficient turning radius in the restroom, to provide safe adequate maneuverability space, in violation of 28 C.F.R. Part 36, Section 4.19.3.

(vi)     Failing to provide an accessible door handle at the restroom entrance, that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.13.9.

(vii)    Failure to provide an accessible soap dispenser in the restroom, as required by 28 C.F.R. Part 36, Section 4.22.7.

(viii)   Failure to provide accessible flushing mechanism on the toilet in the restroom, in violation of 28 C.F.R. Part 36, Section 4.16.5.

(ix)     Failure to provide an electric hand dryer in the restroom at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.

(x)      Failure to completely and properly insulate exposed water service and drain pipes under the lavatory in the restroom, to prevent burns scrapes, as required by 28 C.F.R. Part 36, Section 4.19.4.

(xi)     Failure to provide an accessible locking mechanism on the restroom entrance door that does not require tight grasping, tight pinching, or twisting of the wrist to operate in violation of 28 C.F.R. Part 36, Section 4.27.4 and 4.13.9.

(xii)    Failure to provide the required ADA-compliant informational signage at the restroom area, in violation of 28 C.F.R. Part 36, Section 4.1.3(16).

(xiii)   The cash register, located at the high sales counter, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xiv)   The hand sanitizer dispenser in the Subject Facility, is at inaccessible

height, in violation of 28 C.F.R. Part 36, Section 4.27.3.

17.     Upon information and belief, there are other current violations of the ADA

at Defendants' Property, and only once a full inspection is done can all said violations be

identified.

18.     To date the architectural barriers, the removal of which is readily

achievable, and other violations of the ADA still exist and have not been remedied or

altered in such a way as to effectuate compliance with the provisions of the ADA.

19.     Pursuant to the ADA, 42 U.S.C. §12101, et. seq., and 28 C.F.R. §36.304,

the Defendants were required to make the Subject Facility, a place of public

accommodation, accessible to persons with disabilities since January 28, 1992.  To date,

the Defendants have failed to comply with this mandate.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to

grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to

make it independently accessible to, and useable by, individuals with disabilities to the

extent required by the ADA, and closing the Subject Facility until the requisite

modifications are completed.

**COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21.     The New York City Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and

8

privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

22.     Defendants, DUMPLING HUT INC., a New York corporation, d/b/a VANESSA'S DUMPLING HOUSE, and 289 REALTY CORP., a New York corporation, are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

23.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.     The New York State Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

25.     Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

26.     The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

27.     Defendants, DUMPLING HUT INC., a New York corporation, d/b/a VANESSA'S DUMPLING HOUSE, and 289 REALTY CORP., a New York

9

corporation, are in violation of the New York State Human Rights Law by denying the

Plaintiff full and safe access to all of the benefits, accommodations and services of the

Subject Facility.

28.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

22 as if set forth in their entirety here.

## COUNT IV - VIOLATION OF THE ADMINISTRATIVE CODE
## OF THE CITY OF NEW YORK

29.     The Defendants have subjected, and continues to subject, Plaintiff to

disparate treatment by directly and/or indirectly refusing, withholding, and denying the

full accommodations of the Subject Facility, and advantages, facilities and privileges of

its place of public accommodation, all because of disability, in violation of

Administrative Code § 8-107(4).

30.     The Defendants have discriminated against Plaintiff in violation of

Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by

maintaining and/or creating an inaccessible place of public accommodation.

31.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also

known as Local Law 58, clarified the scope of the Administrative Code in relation to the

New York City's Human Rights Law.  The Restoration Act confirmed the legislative

intent to abolish "parallelism" between the Administrative Code and the Federal and New

York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the
> accomplishment of the uniquely broad and remedial purposes thereof,
> regardless of whether federal or New York State civil and human rights
> laws, including those laws with provisions comparably-worded to
> provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

10

32.    The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible.  Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

33.    As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

34.    The Defendants' long-standing refusal and/or lack of effort to make the Subject Facility fully accessible was egregious and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

35.    By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons, such as the Plaintiff, that they in effect are not welcome and not desired as patrons of its place of public accommodation.

36.    The Defendants unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

37.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

**ATTORNEYS' FEES AND COSTS**

38.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39.    Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

40.    The Plaintiff demands one thousand dollars ($1,000.00) in compensatory damages based on Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law, plus punitive damages pursuant to the Administrative Code of the City of New York.

## INJUNCTIVE RELIEF

41.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.    The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with

disabilities to the full extent required by the Title III of the ADA and by

NYCHRL, and the NYSHRL;

C.    The Court enter an Order directing the Defendants to evaluate and

neutralize their policies, practices and procedures toward persons with

disabilities, for such reasonable time so as to allow the Defendants to

undertake and complete corrective procedures to the Subject Facility;

D.    The Court award reasonable attorney's fees, all costs (including, but not

limited to court costs and expert fees) and other expenses of suit, to the

Plaintiff; and

E.    The Court award such other and further relief as it deems necessary, just

and proper.

Dated: This 6th day of September, 2021.

Respectfully submitted,

By: /S/ B. Bradley Weitz
    B. Bradley Weitz, Esq. (BW 9365)
    bbw@weitzfirm.com

    /S/ Robert J. Mirel
    Robert J. Mirel, Esq. (RM 2974)
    rjm@weitzfirm.com

    THE WEITZ LAW FIRM, P.A.
    Attorneys for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777
    Facsimile: (305) 704-3877